**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MONICA HUTCHENS,

　　　　　Plaintiff - Appellant,

　　v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

　　　　　Defendant - Appellee.

No. 10-35513

D.C. No. 6:08-cv-00280-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 6, 2011[**]
Portland, Oregon

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

　　The ALJ gave specific and legitimate reasons for rejecting Dr. Richardson's

opinion about the severity of Hutchens's mental impairments, such as the lack of

support in the treatment record for Dr. Richardson's diagnoses of borderline

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

personality disorder and anxiety disorder and the inconsistency between Dr. Richardson's assessments of "marked" restrictions of activities of daily living and "marked" difficulties in maintaining concentration, persistence, or pace with Hutchens's "reports of functioning" and Dr. Richardson's clinical observation that Hutchens performed in the average range on cognitive tests, respectively. In addition, the record as a whole supported the ALJ's observation that none of Hutchens's treating physicians thought her depressive symptoms were of "sufficient severity to refer her for psychiatric treatment," because the only mention of treatment (beyond a prescription for a "modest dose" of Zoloft) was Dr. Kemple's recommendation, made more than two years after Dr. Richardson's evaluation, that Hutchens seek counseling. Accordingly, the ALJ did not err in giving little weight to Dr. Richardson's opinion. *See* 20 C.F.R. § 404.1527(d)(4); *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The ALJ gave clear and convincing reasons for discounting Hutchens's excess symptom testimony. Among other reasons, the ALJ noted Hutchens's inconsistent statements regarding her daily activities, including the distance she could walk, the fact that she never reported problems with sitting to any treating physician, the inconsistency between her alleged disability onset date of April 1, 2003 and Dr. Valentine's April 30, 2003 treatment note describing her fibromyalgia as

2

"dramatically improved," the lack of evidence that staying in bed 18 hours a day was a "medical necessity," and the inconsistency between Hutchens's daily activities and her claimed limitations. These reasons adequately supported the ALJ's conclusions. *See Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). Any error in the ALJ's statement that "there [wa]s no evidence" that Hutchens's use of a cane was a "medical necessity" was harmless because the ALJ gave other reasons for discounting Hutchens's testimony regarding her ability to walk. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

The ALJ did not err in discounting Adams's lay witness testimony, because the ALJ's reason for doing so, namely that the limitations she alleged were inconsistent with the activities she described Hutchens as doing (such as light housework, being a scorekeeper at softball games, and volunteering with children) was "germane" to Adams. *See id.* at 1164.

The ALJ also did not err in discounting the opinions of Hutchens's treating physicians. Because there was no evidence that FNP Skinner was "acting as [Dr. Duncan's] agent" in treating Hutchens, *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996); *see* 20 CFR § 404.1513(d)(1), the ALJ needed to provide only a "germane" reason for giving little weight to Skinner's opinion. *See Turner v. Comm'r*, 613 F.3d 1217, 1223–24 (9th Cir. 2010). The ALJ provided such a reason, which was that

3

Skinner's opinion that Hutchens had communicative, manipulative, and environmental limitations was inconsistent with the record. There was no evidence in the treatment record of Hutchens having difficulty speaking, and the only evidence of environmental and manipulative limitations were Hutchens's subjective statements, which the ALJ could reasonably discount after finding Hutchens's excess symptom testimony "not entirely credible," *see Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009).[1]

Finally, the ALJ's observation that physical therapist Kahl and Dr. Kemple's opinions were inconsistent with "[Hutchens's] daily activities" was a "specific and legitimate" reason for giving them little weight. *See Lester*, 81 F.3d at 830; *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).

**AFFIRMED.**

---

[1] To the extent the ALJ erred in stating that the treatment record indicated that Hutchens possessed "normal muscle strength," the error was harmless because the ALJ nevertheless had "a proper basis" by which to reject Skinner's opinion. *Carmickle*, 533 F.3d at 1164.